UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEITH ANGELO JACKSON, | |
| Plaintiff, | |
| v. | Case No. 1:22-cv-2058 (CRC) |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, et al., | |
| Defendant. | |

## MEMORANDUM OPINION

Keith Angelo Jackson was fired from his job as a bus driver with the Washington Metropolitan Area Transit Authority ("WMATA") after WMATA found that he lied in an unsuccessful effort to obtain workers' compensation benefits. Taking issue with the finding, Jackson filed suit in District of Columbia Superior Court against WMATA; Lucious Rucker, the supervisor who issued his termination letter; and Sedgwick Claims Services, Inc., a benefits administrator which denied Jackson's workers' compensation claim. Jackson's complaint alleges defamation and wrongful termination stemming from his firing and seeks $2.4 million in damages.

After receiving service, WMATA appeared through its Office of General Counsel and removed the case to this Court. Notice of Removal. It then filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), urging dismissal of the complaint as to all three defendants. The Court will grant the motion and dismiss the case.

WMATA was established through an interstate compact executed by Maryland, Virginia, and Washington, D.C. The compact contains a specific provision, Section 80, on liability for contract and tort claims. It states:

> The Authority shall be liable for its contracts and for its torts and those of its Directors, officers, employees and agent committed in the conduct of any proprietary function . . . but shall not be liable for any torts occurring in the performance of a governmental function. The exclusive remedy for such breach of contracts and torts for which the Authority shall be liable, as herein provided, shall be by suit against the Authority.

Washington Metro. Area Transit Auth. Compact, D.C. CODE § 9-1107.01(80) (2022) ("Compact").

The courts of this Circuit have uniformly held that WMATA's discretionary personnel decisions are governmental functions that enjoy immunity from tort liability under Section 80 of the WMATA Compact. See, e.g., Beebe v. WMATA, 129 F.3d 1283, 1287 (D.C. Cir. 1997) ("Although employment decisions are not quintessential governmental functions . . . decisions concerning the hiring, training, and supervising of WMATA employees are discretionary in nature, and thus immune from judicial review." (internal quotations and citation omitted)); Tapp v. WMATA., 306 F. Supp. 3d 383, 397 (D.D.C. 2016) ("[D]ecisions regarding the firing of WMATA employees are discretionary" and thus immunized). Because Jackson's allegations of defamation and wrongful termination describe classic tort claims arising from WMATA's discretionary personnel decision, WMATA is immune from suit and, as a result, the Court lacks jurisdiction over the claims against it.

WMATA's tort immunity has also been held to extend to its employees so long as their conduct "falls within the scope of their official duties and the conduct is discretionary in nature." Beebe, 129 F.3d at 1289 (emphasis omitted) (internal quotation marks omitted). The sum of Jackson's claims against his supervisor, Mr. Rucker, is that he was a "participant[] in [the]

2

alleged allegation" of untruthfulness that resulted in Jackson's termination.  Compl. at 1.  That alleged conduct falls within the scope of Rucker's discretionary duties as a WMATA employee.  Rucker is therefore entitled to immunity, meaning the Court lacks subject matter jurisdiction over the claims against him as well.

That leaves Sedgwick, which Jackson merely alleges was a "participant" in his termination, along with Mr. Rucker.  As quoted above, the WMATA Compact immunizes "the Authority" not only for torts based on its discretionary conduct, but also for those based on the discretionary conduct of its "Directors, officers, employees *and agent* . . . ."  Compact § 80 (emphasis added).  Although WMATA does not offer any caselaw for the proposition that WMATA's non-employee agents are *themselves* immune from tort liability premised on their own discretionary conduct, the cases it cites extending immunity to WMATA employees appear to apply with equal force to WMATA's contracted agents.  See also Johnson v. Bechtel Assocs. Pro. Corp., D.C., 717 F.2d 574, 580 (D.C. Cir. 1983) (The use of "agent" in the Compact applies to independent contractors), rev'd sub nom. on other grounds, WMATA v. Johnson, 467 U.S. 925 (1984); Beebe, 129 F.3d at 1287 (Section 80 of the Compact "retain[s] immunity for torts committed by [WMATA's] agents 'in the performance of a governmental function.'" (quoting Compact § 80)).  Jackson offers no contrary argument in his opposition to the motion to dismiss.

WMATA makes a conclusory assertion in its motion that Sedgwick is "WMATA's agent," without offering a declaration or any other evidence to explain the relationship between the two entities.  Mot. to Dismiss at 1.  And Sedgwick has not separately appeared in the case.[1]

---

[1] It appears that Sedgwick has not been properly served.  Jackson filed proof of service as to Sedgwick in the form of a certified mail receipt showing delivery of the Superior Court summons and complaint to a post-office box in Kentucky.  Notice of Removal, Ex. 9 at 2.  However, the applicable service rules required Jackson to serve the company either personally though one of its officers or officials, through its registered agent for service, or through

Ordinarily, that would not be enough to support a factual finding regarding the Court's subject matter jurisdiction. Here, however, Jackson has appended copious evidentiary material to his complaint, including documents indicating that Sedgwick's role in the case is limited to administering WMATA's workers' compensation claims, a quintessential function of a corporate agent. See Notice of Removal, Ex. 2 at 9 (WMATA Notification of Workers' Compensation Claim Compensability Decision Form listing Sedgwick as the claims receiver); id. at 8 (Letter from Rucker indicating that WMATA was "advised by Sedgwick that [Jackson's] Workers' Compensation claim has been denied"); id. at 11 (Memorandum of Informal Conference noting that Sedgwick was the "Insurance Carrier" for Jackson's claim). Regardless, whether Sedgwick has appeared, the Court has an obligation to assess its subject matter jurisdiction over the entire case. And the Court may readily consider the evidence Jackson has put before it on a Rule 12(b)(1) motion to dismiss. Having done so, the Court concludes that Sedgwick is WMATA's agent for purposes of this suit and, as outlined above, is immune from its discretionary conduct in connection with Jackson's termination.

What's more, Section 80 of the Compact provides that "[t]he exclusive remedy for such . . . torts for which the Authority shall be liable" – which include torts committed by its "Directors, officers, employees and agent" – shall be a "suit against the Authority." Compact § 80. Jackson's sole allegation against Sedgwick is that it "participated" in WMATA's slander and wrongful termination through its role as WMATA's claims administrator. So, to the extent

---

registered or certified mail to its principal office. See D.C. Code § 29–104.12 (2022). Sedgwick appears to be incorporated in Illinois and to have its principal office in Tennessee. See Corporation File Detail Report, Office of the Illinois Secretary of State, https://apps.ilsos.gov/corporatellc/CorporateLlcController (last visited Feb. 13, 2023) (search "Sedgwick Claims Management Services"); Business Entity Detail, Tennessee Secretary of State, https://tnbear.tn.gov/Ecommerce/FilingSearch.aspx (last visited Feb. 13, 2023) (same). So, sending the complaint to a Kentucky post-office box was likely deficient.

that Jackson has any viable claim against Sedgwick based on conduct it committed as WMATA's agent, his "exclusive remedy" would be a "suit against the Authority."  See Johnson, 717 F.2d at 577 ("Bechtel was an agent of WMATA and therefore, under section 80 of the Compact, WMATA is exclusively liable for Bechtel's torts.").  Jackson has no separate cause of action against Sedgwick, so the Court lacks jurisdiction over the claims against Sedgwick on that alternative basis as well.

    Accordingly, the Court lacks subject matter jurisdiction over the claims against all defendants and will therefore dismiss the case in its entirety.  A separate order will follow.

_____<br>
CHRISTOPHER R. COOPER<br>
United States District Judge

Date: February 28, 2023